[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-14434
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-20638-FAM

CARLA HILGER,

Plaintiff-Appellee,

versus

JENNY VELAZQUEZ, individually,
MELISSA FLYNN, individually,

Defendants-Appellants.

RABIH EL-JOURDI,
individually, et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of Florida

(March 26, 2012)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellants/Defendants Jenny Velazquez and Melissa Flynn ("the Officers") appeal the district court's denial of qualified immunity as an affirmative defense to Appellee/Plaintiff Carla Hilger's ("Hilger") claim of excessive force. Hilger was arrested on February 19, 2006, by Officers Velaquez and Flynn and filed suit, in part, under 42 U.S.C. § 1983 for excessive force.

## I.

A district court's denial of qualified immunity is an appealable final decision that we review *de novo*, and "take the case in the light most favorable to the plaintiff." *Macuba v. Deboer*, 193 F.3d 1316, 1320 (11th Cir. 1999).

## II.

Qualified immunity is immunity from suit and not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). Courts apply a two-part test to evaluate a claim of qualified immunity announced in *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151 (2001). *See Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009) (reversing *Saucier* to the extent that it required the two-step analysis in that order in every case). The court asks whether the complaint, taken in the light most favorable to the plaintiff, alleges facts which, if

proven, would show that an officer violated a constitutional right. *Saucier*, 533 U.S. at 200–01, 121 S. Ct. At 2155–56. If the constitutional right would have been violated, the court must determine whether the right was clearly established. *Id*. Now, courts may begin the inquiry by deciding the second question first. *Pearson*, 555 U.S. at 236, 129 S. Ct. at 818.

The officers argue on appeal that they were entitled to qualified immunity as a matter of law. However, the complaint alleges that both officers participated in the plaintiff's initial assault. Specifically, Hilger alleges that both officers held her and slammed her against a wall while she was handcuffed and not resisting. She further alleges that once she fell to the floor that one of the officers kicked her several times while the other officer who remained present throughout failed to intervene. Thus, taking the facts in a light most favorable to Hilger, both officers, including the intervening officer, were active participants from the beginning and not entitled to qualified immunity. *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500–02 (11th Cir. 1985) *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989) (establishing that use of force upon a handcuffed person who is not resisting is constitutionally prohibited.)

III.

For the foregoing reasons, we affirm the district court's denial of qualified immunity to the officers because the defense fails as a matter of law.

**AFFIRMED.**